

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JOHN SPIEGELBERG, | § | |
| d/b/a RED RAIDER OUTFITTER | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 5:05-CV-130 |
| | § | |
| CHRISTOPHER J. TOELLE, | § | |
| d/b/a RAIDERLAND BOOKSTORE | § | |
|     Defendant. | § | OPPOSED |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF AND ITS MOTION FOR DEFAULT JUDGMENT IN VIEW OF DEFENDANT'S *UNFILED* MOTION FOR ENLARGEMENT**

Plaintiff John Speigelberg, d/b/a Red Raider Outfitter ("RRO" or "Plaintiff"), respectfully urges the Court in this Reply to grant its motion for default judgment under Fed. R. Civ. P. 60(b), against Defendant Christopher J. Toelle's, d/b/a RAIDERLAND BOOKSTORE ("Toelle" or "Defendant"). This Reply is somewhat tardy because Plaintiff's counsel has been caring for an immediate family member hospitalized for emergency surgery and preparing for Hurricane Rita as it approaches the Gulf Coast for landfall this Saturday morning.

**I. Default Judgment Is Proper Because Defendant's Response Fails as a Matter of Law.**

Defendant first relies on the incorrect test for granting default judgment, *i.e.*, willfulness, not "excusable neglect." Response, pp. 2, 3. Federal Rule of Civil Procedure 6(b)(2) states, "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of **excusable neglect**." Fed. R. Civ. P. 6(b)(2) [emphasis added]. "To merit relief from default judgment, a party must show that its failure to file a timely answer or otherwise defend resulted from excusable neglect." *Goldstein v. Gordon et al.*, 2002 U.S. Dist. LEXIS 3348, *12

(N.D. Tex. 2005). Nowhere in the Response does Defendant even address "excusable neglect." Further, Defendant presents no reasons why it chose to file its "untimely answer" 38 days after it was due. Still further, Defendant never even addresses why it chose not to file a Motion for Enlargement as required by Fed. R. Civ. P. 6(b) or why it did not confer as required under Local Rule 7.1(C) in regards to the same. Instead, Defendant tacitly relies on its statement that "[D]efendant failed to meet a procedural deadline." Response, p. 2. Even this is not true. Instead, and without any proffered support, Defendant failed to meet its answer deadline by 38 days, and, additionally, it completely ignored two other procedural and substantive deadlines, *i.e.*, its unfiled motion for enlargement and conference requirement. Truly, it appears that Defendant seeks to re-write the Federal Rules of Civil Procedure without any reliance on the correct standard, *i.e.*, excusable neglect, for why this Court should not grant Plaintiff's Motion for Default Judgment. At this juncture, it is clear that Defendant has failed to establish "'excusable neglect," a standard that its Response does not even discuss. Therefore, this Court should grant Plaintiff's Motion for Default Judgment as a matter of law.

Moving on, however, Defendant also relies on the incorrect burden for granting default judgment. Defendant states, "Plaintiff failed to demonstrate that Defendants' [*sic*] late filing was willful." Response, p. 3. As Fed. R. Civ. P. 6(b) makes it crystal clear that *Defendant* has the burden of showing its own "excusable neglect." Fed. R. Civ. P. 6(b). Defendant's Response points to no evidence as to why it chose not to file an answer. The reason is simple – there is none it was Defendant's unilateral choice. Defendant's only argument, albeit inapplicable, in the Response relates to ongoing settlement discussions for a case Plaintiff repeatedly tried to avoid having to bring, but reluctantly had to after Defendant shouted, "I am going to use the name 'Raiderland Bookstore' unless a judge tells me not to or your client wants to make it worth my time to undo all the work that I have done." *See* Plaintiff's Motion, Statement of the Facts. The Response merely attempts to change more procedural and substantive law in order to justify its chosen actions by additionally and

incorrectly switching the burden to Plaintiff. Accordingly, with this matter corrected, this Court should still grant Plaintiff's Motion for Default Judgment as a matter of law.

## II. Defendant Had A Settlement Choice, But Did Not Like It.

As the uncontested Statement of Facts show, Plaintiff's efforts to settle this case were met with Defendant's repeated, dilatory tactics. *Id.* Notably, Plaintiff did provide Defendant with real settlement choices: 1) pay Plaintiff's attorney fees for this avoidable litigation and the agreement would relate only to RAIDERLAND; or 2) do not pay Plaintiff's attorney fees for this avoidable litigation, and the agreement would be broader than just RAIDERLAND.[1] Defendant, however, created different offer for Plaintiff, which Plaintiff rejected: do not pay Plaintiff's attorney fees for a case that Plaintiff steadfastly tried to avoid, and have the agreement pertain only to RAIDERLAND. *Id.* In essence then, Defendant wants Plaintiff to pay its attorney fees for Defendant's willful infringement and dilatory tactics in an avoidable case as the Answer admits, and have the settlement agreement drafted by Plaintiff to relate only to RAIDERLAND. As a result, Defendant's course of actions greatly prejudice Plaintiff's pocketbook, but Defendant is glaringly insensitive to this prejudice as well as its willful infringement, which continues as shown below.

## III. Defendant's Willful Infringement Continues Despite Defendant's Contrary Fraudulent Representation to the Court.

As the Court already knows, Defendant stubbornly asserted that it would use 'Raiderland Bookstore' unless a judge tells him otherwise. Further, Defendant admits at least one use of 'Raiderland Bookstore' in the Response. Response, p. 5. Further still, in the Response, under the

---

[1] The "broader" portion relates to provisions Defendants to not infringe other IP owned by Plaintiff. If such infringement occurs by Defendant, then provisions spell out the damages, which prevent Plaintiff from having to go through the same, protracted litigation experience with Defendant again. Consequently, if Defendant does not infringe Plaintiff's other IP, then the "broader" provisions are never implicated – a very reasonable proposition.

title "Defendant has presented a meritorious defense," Defendant states: (1) "Defendant is no longer using the 'RAIDERLAND' mark; (2) its admitted use was somehow "innocent" and "cannot be expected to recur"; and (3) "Defendant never used the name 'RAIDERLAND BOOKSTORE' in any advertisements and/or marketing campaigns." Response, p. 5. Unfortunately, not only are Defendant's representations fraud on Plaintiff and this Court, but, in addition, Defendant has submitted no evidence, such as a declarations, to support its convenient, conclusory assertions. Thus, as a matter of law, Defendant has not presented a meritorious defense.

Since the filing of the Response, Plaintiff has personally witnessed the building of Defendant's business. Exhibit, Declarations of Stephen Spiegelberg and Lauren Combs. About three weeks ago, the floor of Defendant's business changed from bare concrete to having a painted design, approximately seven foot by seven foot, that says only, "RAIDERLAND BOOKSTORE." *Id.* Not only is this painted design conspicuous in size, but it is placed at the entrance way to the store for all to see who enter. *Id.* Furthermore, Defendant has also placed a sealant of some sort on its cement floor with this newly painted "RAIDERLAND BOOKSTORE" design. *Id.* As such, it is clear that Defendant is: (1) still using RAIDERLAND BOOKSTORE; (2) its admitted use is not "innocent" and "is expected to recur" – for it already has; and (3) Defendant is using "RAIDERLAND BOOKSTORE" as a very large and prominently displayed mark as an advertisement and/or marketing campaign. Most critically, however, Defendants have knowingly practiced fraud on both Plaintiff and this Court in its representations otherwise. As a result, Equity and the Law combine to support this Court granting default judgment against Defendants, and for any and all further relief that the Court deems just and proper.

### IV. Conclusion.

As shown in the Motion and Section I above, this Court should grant Plaintiff's Motion for Default Judgment as a matter of law under Fed. R. Civ. P. 55(b)(2) pursuant to Defendant's complete

failures under both Fed. R. Civ. P. 12(a)(1) and Fed. R. Civ. P. 6(b). Sections II and III provide even further support for this Court granting Plaintiff's requested relief.

Pursuant to Local Rule 7.1(C), Plaintiff attached a proposed order to its Motion.

Respectfully submitted,

Dated: September 22, 2005      By: _____ *for*
Erik J. Osterrieder, *attorney-in-charge*  *by permission*
Tex. Bar No.: 24013276
Schubert Osterrieder & Nickelson PLLC
6013 Cannon Mtn. Dr., S14
Austin, Texas 78749
(713) 533-0494
(512) 301-7301 (fax)
ATTORNEYS FOR PLAINTIFF

Of Counsel:

James L. Gorsuch
Tex. Bar No.: 08221250
James L. Gorsuch, P.C.
4412 74th Street, Suite B-102
Lubbock, Texas 79424
(806) 771-6474
(806) 771-6476 (fax)

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of <u>PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF AND ITS MOTION FOR DEFAULT JUDGMENT IN VIEW OF DEFENDANT'S *UNFILED* MOTION FOR ENLARGEMENT</u> was served on the date of signing below, on Defendant Christopher J. Toelle, d/b/a RAIDERLAND BOOKSTORE, through their attorney of record, *via First Class Mail,* in envelope addressed to:

> Michael Byrd
> Byrd & Associates
> 7816 Orlando Avenue
> P. O. Box 65163
> Lubbock, TX 79464

Dated: <u>September 22, 2005</u>      By: _____
Erik J. Osterrieder, *Attorney-in-Charge* by permission
Tex. Bar No.: 24013276
Schubert Osterrieder & Nickelson PLLC
6013 Cannon Mtn. Dr., S14
Austin, Texas 78749
(713) 533-0494
(512) 301-7301 (fax)
erik_osterrieder@schubert-iplaw.com
ATTORNEY FOR DEFENDANTS

*Of Counsel:*

James L. Gorsuch
Tex. Bar No.: 08221250
James L. Gorsuch, P.C.
4412 74th Street, Suite B-102
Lubbock, Texas 79424
(806) 771-6474
(806) 771-6476 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JOHN SPIEGELBERG,<br>d/b/a RED RAIDER OUTFITTER<br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER J. TOELLE,<br>d/b/a RAIDERLAND BOOKSTORE<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION No. 5:05-CV-130 |

## EXHIBIT: FIRST DECLARATION

I, Stephen Spiegelberg, declare under penalty of perjury under the laws of the United States of America as follows:

1. I have personal knowledge of the facts which I state below, I am competent to give this testimony, and I am not disqualified to give testimony in court;

2. I am an employee and the son of the owner of Red Raider Outfitter; and

3. I have personally witnessed the building of Defendant's business. About three weeks ago, the floor of Defendant's business changed from bare concrete to having a painted design, approximately seven foot by seven foot, that says only, "RAIDERLAND BOOKSTORE." Not only is this painted design conspicuous in size, but it is placed at the entrance way to the store for all to see who enter. Furthermore, Defendant has also placed a sealant of some sort on its cement floor with this newly painted "RAIDERLAND BOOKSTORE" design.

_____9-22-5_____    _____
Date                                                             Stephen Spiegelberg

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JOHN SPIEGELBERG,<br>d/b/a RED RAIDER OUTFITTER<br>Plaintiff, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION No. 5:05-CV-130 |
| CHRISTOPHER J. TOELLE,<br>d/b/a RAIDERLAND BOOKSTORE<br>Defendant. | §<br>§<br>§<br>§ | |

### EXHIBIT: SECOND DECLARATION

I, Lauren Combs, declare under penalty of perjury under the laws of the United States of America as follows:

1. I have personal knowledge of the facts which I state below, I am competent to give this testimony, and I am not disqualified to give testimony in court;

2. I am an employee of Red Raider Outfitter; and

3. I have personally witnessed the building of Defendant's business. About three weeks ago, the floor of Defendant's business changed from bare concrete to having a painted design, approximately seven foot by seven foot, that says only, "RAIDERLAND BOOKSTORE." Not only is this painted design conspicuous in size, but it is placed at the entrance way to the store for all to see who enter. Furthermore, Defendant has also placed a sealant of some sort on its cement floor with this newly painted "RAIDERLAND BOOKSTORE" design.

_____9-22-05_____          _____Lauren Combs_____
Date                                                    Lauren Combs